Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Cooperativa de Seguros Múltiples de P.R., Cooperativa de Ahorro y Crédito de Lares ("LARCOOP") <br><br> Apelados <br><br> vs. <br><br> Estado Libre Asociado de P.R. por conducto del Hon. Domingo Emanuelli Hernández, Secretario de Justicia designado, Comisionado del Negociado de la Policía de P.R., por conducto del Coronel Antonio López Figueroa, Fulano de Tal, Sutano de Tal, Compañía ABC, <br><br> Apelantes | KLAN202401105 | **APELACIÓN** procedente del Tribuna de Primera Instancia, Sala Superior de Arecibo <br><br><br> Civil Núm.: AR2023CV02031 <br><br><br><br> Sobre: <br><br> Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de enero de 2025.

Comparece ante nos el Gobierno de Puerto Rico representado por la Oficina del Procurador General de Puerto Rico (en adelante, Estado o apelante), quien presenta recurso de apelación en el cual solicita la revocación de la "Sentencia" emitida y notificada el 25 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (a continuación, TPI o foro apelado). Mediante dicho dictamen, el foro apelado declaró Ha Lugar la "Solicitud de Sentencia Sumaria" presentada por la Cooperativa de Ahorro y Crédito de Lares (en lo sucesivo, LARCOOP o apelada).

Número Identificador

SEN2025 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

Los hechos que dan origen a esta controversia se retrotraen al 11 de septiembre de 2023 cuando el Negociado de la Policía de Puerto Rico (a continuación, NPPR) ocupó un vehículo marca Chrysler, modelo 3005, con tablilla JJT-496 del año 2020, por alegadamente haberse utilizado en violación al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, 24 LPRA sec. 2401 (en adelante, Ley Núm. 4). Al momento de la ocupación del vehículo éste se encontraba en posesión de su dueño registral, el señor Abdiel Y. Carrión Rosado (en lo sucesivo, Sr. Carrión Rosado), quien fue procesado criminalmente por violar el Art. 401 de la Ley Núm. 4, *supra.*

La compra de dicho vehículo fue financiada a través de LARCOOP, mediante el "Contrato de Venta al por Menor a Plazos" número 074055879-1, suscrito por el Sr. Carrión Rosado. Dicho contrato fue debidamente inscrito en el Departamento de Transportación y Obras Públicas, por lo cual dicha unidad poseía un gravamen registral a favor de LARCOOP.

Así las cosas, el 2 de octubre de 2023, la Junta de Confiscaciones le notificó a LARCOOP la correspondiente confiscación del vehículo. Por su parte, el 27 de octubre de 2023, LARCOOP presentó una "Demanda" junto a la Cooperativa de Seguros Múltiples de Puerto Rico (en adelante, CSM). En la misma, le solicitaron al TPI que decretara la nulidad e invalidez de la confiscación del vehículo y ordenara el pago de costas, gastos y honorarios de abogados a su favor. El 30 de octubre de 2023, LARCOOP y CSM presentaron una "Moción de Consignación de

Fianza" por la cantidad de $26,000.00 y solicitaron la devolución del vehículo. Así, mediante "Orden" emitida el 6 de noviembre de 2023,[1] el TPI autorizó la fianza consignada y ordenó la devolución inmediata del vehículo confiscado. Por su lado, el 1 de diciembre de 2023, el Estado presentó su "Contestación a Demanda" y solicitó que se declarara No Ha Lugar la reclamación presentada por la apelante.

Tras varios incidentes procesales, el 18 de enero de 2024, el Estado presentó una "Moción en torno a Orden y en Solicitud de Señalamiento de Vista"[2] en la cual señaló que, de conformidad con las disposiciones de la Ley Uniforme de Confiscaciones de 2011 *infra*, debía celebrarse una Vista de Legitimación Activa para poder continuar con los procedimientos. Esta última fue declarada Ha Lugar el 22 de enero de 2024, por lo que, el 17 de abril de 2024, se celebró una Vista de Legitimación Activa en la cual el TPI determinó que LARCOOP, conforme lo aceptado por el Estado, poseía legitimación activa para demandar. De otra parte, y como resultado del mencionado proceso, CSM desistió de su causa de acción. En conformidad con lo anterior, ese mismo día el TPI emitió y notificó una "Sentencia Parcial". En ésta, el foro apelado dio por desistida la causa de acción de CSM con perjuicio y reconoció a LARCOOP como la única parte demandante.

El 27 de junio de 2024, LARCOOP presentó una "Solicitud de Sentencia Sumaria" solicitando que: (1) se dictara sentencia sumaria declarando Ha Lugar la demanda de impugnación de confiscación; (2) se ordenara la devolución del vehículo; y (3) la cancelación de la fianza consignada. De igual forma, la apelada alegó que era un tercero inocente protegido contra la confiscación. Esto, debido a que, no había otorgado su consentimiento a que el

---

[1] Notificada el 7 de noviembre de 2023.
[2] Véase, "Moción en torno a Orden y en Solicitud de Señalamiento de Vista de Legitimación Activa"

vehículo fuera utilizado en violación a la ley y, además, había tomado las medidas cautelares correspondientes a los fines de advertirle al Sr. Carrión Rosado que el vehículo no podía utilizarse en contra de las leyes ni ceder su posesión a terceros.

Por su parte, el 20 de agosto de 2024, el Estado presentó una "Moción Oposición a Solicitud de Sentencia Sumaria" en la cual arguyó que, la defensa del tercero inocente no le aplicaba a la apelada, pues la solicitud se sustentó en la declaración jurada del señor Juan Carlos Oliver, Director del Departamento de Cobro de LARCOOP, quien no tenía conocimiento personal de los hechos que propiciaron la confiscación del vehículo, y que tampoco fue parte del contrato suscrito entre LARCOOP y el Sr. Carrión Rosado. Asimismo, el apelante adujo que, las supuestas medidas cautelares a las que aludía LARCOOP, eran unas advertencias generales sin evidencia de medidas cautelares expresas dirigidas a prevenir el uso ilegal del vehículo.

Evaluadas las posiciones de ambas partes, el 25 de septiembre de 2024, el TPI emitió y notificó una "Sentencia" en la cual declaró Ha Lugar la "Solicitud de Sentencia Sumaria" presentada por LARCOOP y, en consecuencia determinó que procedía la "Demanda" ordenando la cancelación de la fianza prestada, en vista de que el vehículo ya había sido devuelto. En específico, concluyó que LARCOOP era un tercero inocente protegido de la confiscación, ya que el contrato suscrito entre las partes cumplió con el criterio de especificidad que requiere la doctrina.

Inconforme con la determinación, el 9 de octubre de 2024, el Estado presentó una "Moción en Reconsideración". En igual fecha, el foro apelado emitió y notificó una "Resolución" donde declaró No Ha Lugar a la solicitud del Estado.

En desacuerdo, el Estado recurre ante este foro apelativo intermedio, y plantea la comisión del siguiente error, a saber:

*Erró el Tribunal de Primera Instancia al declarar "Ha Lugar" la Solicitud de Sentencia Sumaria presentada por la Cooperativa de Ahorro y Crédito de Lares y al así proceder, reconocerle de manera automática la defensa de tercero inocente a su favor basado simplemente a una cláusula contractual de naturaleza general de cumplimiento legal del automóvil confiscado que carece de la especificidad exigida en la doctrina.*

Consideradas las comparecencias de las partes, damos por perfeccionados sus respectivos recursos y resolvemos.

## II.

### -A-

La sentencia sumaria constituye el mecanismo procesal adecuado para resolver de manera justa, rápida y económica aquellos pleitos que no contienen controversias genuinas sobre hechos esenciales y, por tanto, resulta innecesaria la celebración de un juicio. *BPPR v. Zorrilla Posada et al.*, 2024 TSPR 62. De este modo, el Tribunal solo podrá dictar sentencia sumariamente si la parte promovente demuestra "la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". Reglas 36.1 y 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.2. Un hecho esencial y pertinente es aquel que puede "alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable". *Cruz, López v. Casa Bella y otros*, 2024 TSPR 47.

La Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a), dispone que la solicitud de sentencia sumaria deberá contener lo siguiente:

*(1) Una exposición breve de las alegaciones de las partes;*

*(2) los asuntos litigiosos o en controversia;*

*(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*

*(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*

*(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*

*(6) el remedio que debe ser concedido*

Por otro lado, la parte que se opone a que se resuelva el pleito por la vía sumaria deberá presentar su contestación dentro del término de 20 días desde que le fue notificada la moción. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si no contesta dentro de este término, la solicitud quedará sometida para la consideración del tribunal. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e).

Además, quien se opone deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). En otras palabras, deberá: (1) refutar los párrafos, según enumerados por la parte promovente, que a su juicio están en controversia; y (2) hacer referencia a la evidencia sustancial donde se establecen los mismos. Regla 36.3(b) de Procedimiento Civil, *supra*. Así, no podrá descansar únicamente en sus alegaciones, sino que tiene que demostrar que, en efecto, posee prueba para sustanciar sus alegaciones. *BPPR v. Zorrilla Posada et al.*, *supra*, citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 328 (2013).

Ahora bien, el hecho de que la parte opositora no presente prueba para controvertir la evidencia presentada por el promovente, no supone la concesión automática de una moción de sentencia sumaria. *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 337 (2021). El Tribunal puede denegar la solicitud si en verdad existe una controversia sustancial sobre hechos esenciales

y materiales. *Íd.* Asimismo, el juzgador deberá considerar que, al evaluar la moción de sentencia sumaria, toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone. *Birriel Colón v. Econo y otro*, 2023 TSPR 120.

No se dictará sentencia sumaria cuando: (1) existen hechos esenciales en controversia; (2) hay alegaciones afirmativas en la demanda que no se han refutado; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho esencial y pertinente; o (4) como cuestión de derecho no procede. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023). Tampoco es aconsejable dictar sentencia sumaria en pleitos donde existe controversia sobre asuntos de credibilidad, o que envuelvan aspectos subjetivos tales como la intención, los propósitos mentales o la negligencia. *Cruz, López v. Casa Bella y otros, supra.*

En cuanto al alcance de la revisión judicial, nuestro Máximo Foro ha reiterado que, los tribunales apelativos estamos en igual posición que el foro primario al revisar solicitudes de sentencia sumaria. *BPPR v. Zorrilla Posada et al., supra.* Es decir, como parte de nuestra función revisora, este foro apelativo deberá hacer una evaluación *de novo* para determinar si existe o no controversia sustancial o real en cuanto a algún hecho material. *Íd.* Empero, estamos limitados a: (1) considerar los documentos que se presentaron ante el foro primario; (2) determinar si existe o no controversia genuina de hechos esenciales y pertinentes, y (3) comprobar si el derecho se aplicó correctamente. *Cruz, López v. Casa Bella y otros, supra.* Esto implica que, en apelación, las partes no pueden esbozar nuevas teorías ni añadir prueba que no se presentó ante el tribunal de instancia. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 611 (2023).

En fin, al revisar una sentencia sumaria dictada por el foro primario este tribunal apelativo debe:

*1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*

*2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*

*3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*

*4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. Roldán Flores v. M. Cuebas et al,* 199 DPR 664, 679 (2018).

### -B-

En nuestro ordenamiento jurídico, el proceso de confiscación se rige por las disposiciones de la Ley Núm. 119-2011, 34 LPRA sec. 1724 *et seq.*, también conocida como la Ley Uniforme de Confiscaciones de 2011, según enmendada (en adelante, Ley Núm. 119-2011). El precitado estatuto establece un procedimiento uniforme para todos los casos de confiscación, y establece como política pública la agilidad del procedimiento de confiscación, siempre y cuando éstos garanticen los derechos y reclamos de las personas afectadas por ésta. Véase, Art. 2 de la Ley Núm. 119-2011, 34 LPRA sec. 1724. Aunque el estatuto no define el concepto de confiscación, nuestro Máximo Foro lo ha definido de la siguiente manera:

*La confiscación es el acto mediante el cual el Estado, representado en este caso por el Poder Ejecutivo, priva a una persona de su propiedad sin compensación económica, basado únicamente en que dicha propiedad fue utilizada en la comisión de ciertos delitos predeterminados por la Asamblea Legislativa o porque tal bien es producto o resultado de una conducta prohibida por ley. Mapfre Praico Ins. v. ELA,* 195 DPR 86, 91 (2016).

Existen dos tipos de confiscación: (1) confiscación *in personam* y (2) confiscación *in rem*. En nuestra jurisdicción, nuestra Asamblea Legislativa adoptó la confiscación *in rem*, por lo que el procedimiento posee carácter civil y "va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre ésta". *López v. Secretaria*, 162 DPR 345, 352 (2004). Debido al carácter civil que permea el proceso, "la culpabilidad o inocencia del acusado no deberá tomarse en cuenta en el proceso de confiscación". Véase, Art. 8 de la Ley Núm. 119-2011, 34 LPRA sec. 1724e. En otras palabras, lo determinante en este proceso no es el resultado de la acción criminal que se ha presentado contra la persona que utilizó la cosa objeto de confiscación, sino si el bien en cuestión fue utilizado en la comisión de un delito. *Íd.* Siendo así, el Art. 9 de la Ley Núm. 119-2011, 34 LPRA sec. 1724f, provee que podrá confiscarse "toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación".

Sin embargo, la jurisprudencia ha desarrollado normas para proteger los derechos de aquellos que tienen un interés económico o propietario en el vehículo confiscado y no han estado directamente involucrados en la actividad criminal que motiva la confiscación. A éstos se les conoce como terceros inocentes. Tanto el dueño, como una entidad financiera y su aseguradora, podrían ser considerados terceros inocentes en aquellas situaciones en que estos no pusieron el vehículo en posesión del infractor voluntariamente, o cuando han tomado medidas cautelares expresas para evitar el uso ilegal de la propiedad en la comisión de un delito. *First Bank, Univ. Ins. Co. v. E.L.A.*, 156 DRR 77, 83-84 (2002); *General Accident Ins. Co. v. E.L.A.*, 137 DPR 466, 472-473 (1994). La defensa de tercero inocente depende de la naturaleza de

la posesión o uso del vehículo por el infractor. Si éste no obtuvo la posesión de manera voluntaria o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresadas de quien entregó dicha posesión o uso, entonces es que tanto el dueño como el vendedor condicional o cualquier otro con interés en este son terceros inocentes protegidos contra la confiscación. *Íd.* También se reconoció que, cuando los dueños de automóviles confiscados no hubieran autorizado su uso, y sin su anuencia o conocimiento los vehículos hubieran sido utilizados para la comisión de delitos, tales dueños son terceros inocentes protegidos de la confiscación. *General Accident Ins. Co. v. E.L.A.*, *supra*, págs. 472-474.

**III.**

En su recurso, el Estado alegó que el TPI incidió al declarar Ha Lugar la "Demanda" de impugnación de confiscación bajo el fundamento de que LARCOOP es un tercero inocente. Su contención es que la cláusula que incorporó la apelada en el "Contrato de Venta al por Menor a Plazos" no cumple con el criterio de especificidad que requiere la doctrina de tercero inocente. Le asiste la razón, veamos.

Según indicamos, el carácter de tercero inocente depende de la naturaleza de la posesión o uso del vehículo por el infractor. Si éste no obtuvo la posesión de manera voluntaria, o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresadas de quien entregó dicha posesión o uso, entonces es que el dueño es tercero inocente protegido contra la confiscación. *General Accident Ins. Co. v. E.L.A.*, *supra.*

En el caso de autos, resulta evidente que LARCOOP era acreedora del vehículo en cuestión, pues el dueño registral mantenía un balance pendiente de pago por motivo del "Contrato de Venta al por Menor a Plazos". Tras un análisis del acuerdo

suscrito por las partes, concluimos que la apelada no tomó medidas cautelares lo suficientemente específicas en la redacción del contrato para evitar el uso ilegal del vehículo en la comisión de un delito. Lo anterior, toda vez que, aunque en el contrato suscrito entre LARCOOP y el Sr. Carrión Rosado acordaron y estipularon que este último únicamente "usará el vehículo para propósitos legales",[3] lo cierto es que, la precitada cláusula contractual no es lo suficientemente particular como para cumplir con el criterio de especificidad que requiere la doctrina del tercero inocente. Por el contrario, determinamos que, la cláusula en controversia es una tan amplia que no advierte debida y expresamente del acto u omisión que el contrato pretende prohibir y penalizar.

Conforme el derecho discutido, para que una entidad financiera y su aseguradora, puedan ser consideradas terceros inocentes es necesario que en el contrato se hayan incluido o expresado medidas cautelares o instrucciones **particulares** y **específicas** de las cuales la otra parte contratante se haya apartado sustancialmente. Solo entonces es que, tanto el dueño, así como el vendedor condicional o cualquier otro con interés en este, serán considerados como terceros inocentes protegidos contra la confiscación. Por consiguiente, **la defensa de tercero inocente depende de que la entidad financiera y su aseguradora hayan incluido cláusulas <u>particulares y específicas</u> para evitar el uso ilegal de la propiedad en la comisión de un delito**.

Como ya anticipamos, una cláusula contractual que expresa que el vehículo se utilizará "para propósitos legales" es insuficiente para cumplir con el requisito de particularidad y especificidad que requiere la doctrina del tercero inocente. Ciertamente, la cláusula en controversia es muy amplia en tanto y en cuanto no define claramente la conducta prohibida, sino que abarca un sinnúmero

---

[3] Véase, "Contrato de Venta al por Menor a Plazos" pág. 91.

de actos vedados por ley. En palabras sencillas, la disposición contractual es de carácter general y no particular. Acorde a lo anterior, y por incumplir con el criterio de especificidad que requiere la doctrina, concluimos que LARCOOP no tomó medidas cautelares expresas al impartir instrucciones sobre el uso vehicular y la prohibición del uso ilegal del mismo. En ese contexto, la apelada no es un tercero inocente protegido de la confiscación.

## IV.

Por los fundamentos antes expresados, los que hacemos formar parte de este dictamen, se revoca la "Sentencia" emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Se devuelve el caso al foro apelado para los trámites de rigor de forma compatible con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones